IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EARRAND PEOPLES, TDCJ #38099, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. G-07-0010 |
| CORRECTIONAL MEDICAL SERVICES, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Earrand Peoples (#38099) has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Galveston County Jail. Peoples appears *pro se* and *in forma pauperis*. At the Court's request, Peoples has provided a more definite statement of his claims. (Doc. # 20). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

**I.   BACKGROUND**

Peoples is currently in custody at the Galveston County Jail. Peoples explains that he was arrested on November 7, 2006, and charged with aggravated kidnapping, aggravated robbery, and murder. Peoples reports that the kidnapping charge was dismissed, but that he

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

was convicted of murder and aggravated robbery in cause numbers 06-CR-3362 and 06-CR-3364. The 212nd District Court of Galveston County, Texas, sentenced Peoples to serve terms of thirty years and fifteen years in prison on those charges.

Peoples's complaint concerns medical care that he received at the Galveston County Jail in May of 2006. In particular, Peoples complains that he received incorrect or inadequate care for a spider bite. Peoples sues Correctional Medical Services, which provides care to inmates at the Jail, Galveston County Sheriff Gene Leonard, and Medical Administrator Cheryl Moffitt, two "medical assistants" assigned to work at the Jail (Anna Marie Huerra and Lashonda Evans). Peoples complains that these defendants neglected to provide proper medical care in violation of the Eighth Amendment and he seeks damages under 42 U.S.C. § 1983. Peoples seeks $100,000 in compensatory and punitive damages for his pain and suffering. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a

complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*

*v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

### A.  Supervisory Liability

Peoples sues Sheriff Leonard in his capacity as a supervisory official.  A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003).  Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation.  *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor.").  Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy

"so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Peoples does not allege facts showing that Leonard had any personal involvement with his claims. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). In order to successfully plead a cause of action under 42 U.S.C. § 1983, which governs this case, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Peoples fails to meet that burden here. Likewise, for reasons set forth in more detail below, Peoples fails to demonstrate that he was denied adequate care in violation of the Eighth Amendment or that there was a causal connection between a particular policy and the alleged mistreatment. Under these circumstances, Peoples cannot maintain a civil rights suit against Sheriff Leonard based on a theory of supervisory liability.

**B.     Medical Care**

Peoples contends that the remaining defendants treated him incorrectly and that he was denied adequate medical care at the Galveston County Jail in May of 2006. Peoples's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

To prevail under 42 U.S.C. § 1983, Peoples must demonstrate that he was denied adequate medical care in violation of the Eighth Amendment to the United States Constitution.[2]  "Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511

---

[2]  It appears from the pleadings that Peoples was a pretrial detainee at the time his injury occurred, and that he was convicted sometime thereafter on an undisclosed date. The Fifth Circuit has recognized that there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)). Accordingly, the same standard governs constitutional claims concerning medical care by pretrial detainees and convicted inmates. *See id*.

U.S. 825, 832 (1994)). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter*, 467 F.3d at 463 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him

7

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

Peoples's allegations fall short of the deliberate-indifference standard that is necessary to state a claim under the Eighth Amendment. Peoples reports that he was bitten on the left leg by a "brown recluse spider" while in custody at the Jail in May of 2006. Peoples claims that the defendants provided him with inadequate medical care by mistakenly diagnosing his injury. Peoples explains that he told health care workers at the Jail that he had suffered a spider bite, but that they treated him instead for an infection or "abscess" on his leg. Peoples alleges that, because the defendants "neglected to give [him] proper medical care," his leg became swollen and painful. Peoples received additional treatment for his infected leg at the John Sealy Hospital run by the University of Texas Medical Branch ("UTMB") in Galveston, Texas, where he was reportedly hospitalized for a week. Peoples contends that, if the defendants had treated him correctly when he first reported his injury, his "leg wouldn't have been in the condition that it was in" and he would not have required additional treatment at the hospital.

Peoples does not allege that he was denied care by the defendants. Instead, Peoples complains about the care that he received. To the extent that Peoples disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179,

181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977).  Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation.  *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).  Likewise, it is well established that allegations of unsuccessful medical treatment, acts of negligence, or medical malpractice "do not constitute deliberate indifference[.]" *Gobert*, 463 F.3d at 347 (citations omitted).  Thus, allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment claim.  *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *see also Stewart*, 174 F.3d at 534 ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

Peoples does not allege facts showing that he was refused care or that the defendants intentionally treated him incorrectly with wanton disregard for his medical condition.  Rather, Peoples's allegations sound in negligence and medical malpractice.  As such, his claims are not sufficient to establish that he was treated with deliberate indifference and do not state a violation of the Eighth Amendment.  Accordingly, based on its review of Peoples's complaint, as supplemented by the more definite statement, the Court concludes that Peoples fails to state a claim for which relief may be granted under 42 U.S.C. § 1983, and that his complaint must be dismissed.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on June 10th, 2008.

_____
Nancy F. Atlas
United States District Judge